Thank you, your honor. May it please the court, I am Daniel Kaplan. I represent the appellant Alejandro Sepulveda-Barraza. I am going to watch the clock and attempt to reserve two minutes of time for rebuttal. All right. The sole issue in this case was knowledge. Did Mr. Sepulveda-Barraza know about the drugs that were concealed in the seats of the car he drove across the border crossing? Now there's a clear rule set forth in this court's case law, the Vallejo line of cases, that says that in a case like this one, it is not permissible for the government to show or attempt to show a defendant's knowledge by introducing evidence about the structure and operations of large drug smuggling conspiracies. A case like this one being a case where there is no evidence of the involvement of any large drug smuggling organization or conspiracy, and there is no charge. Counsel, why isn't this case just covered by Murillo, which is what the district court even said? Government, you can introduce your evidence as long as it's within the umbrella of Murillo.  First off, in the McGowan case, this court pointed out that Murillo is limited to situations in which the defendant raises an issue of why fingerprints were not taken from the drug packaging, and situations where the Rule 403 objection is not raised. Counsel, Judge Gould, if I could just make an observation. The McGowan panel said something like that, but really that panel was not an en banc panel, and it would not have authority to limit what Murillo means. Well, Your Honor, that is correct. On the other hand, the Vallejo line of cases extends not only including Vallejo, but also McGowan, also Pineda-Torres, and also the Varela-Rivera case. There is a very firm and extended line of case law drawing a distinction between Murillo and the type of evidence involved in Murillo, and Vallejo line and the type of evidence involved there. So a further distinction I would like to make to indicate that it's not just a matter of the fingerprints and the 403 objection. It's also a matter of what type of evidence are we talking about here. Murillo itself. But the government called, I mean, this was brought into question because the defense called an expert, right? There had a witness as to unknowing drug couriers. Do you understand what I mean by unknowing, quote, unquote, drug couriers? Yes. So the defense says we're going to have a witness testify about unknowing drug couriers, and the government responds. Correct. However, and this is exactly the point I was about to try to make, there's a distinction between evidence to the effect that whoever it is that's trying to get drugs across the border, be it a large organization or just an individual sort of entrepreneur, evidence indicating that or arguments indicating that that is not using an unknowing courier is a bad idea or unlikely thing to happen. That's permissible under Murillo. That's permissible under the entire Vallejo line of cases. And there was an amendment to Vallejo saying we're not reaching that question. Now, we are objecting in this case to something very different from that type of evidence or argument. We are objecting to not just arguing that whoever it is, whether it's a big organization or just El Manga, the midget, whoever it is trying to get drugs across the border, they would not use this kind of method because it would be very silly and ineffective and unlikely. We are objecting to arguments about we're objecting to evidence about this is how large organizations operate. We're objecting to Bordfeldt's testimony that, hey, I was involved with large organizations. They have tunnels. They have warehouses. It's like Costco. It's like Kellogg's cereals. Here's what the prices are in Mexico versus the prices in the U.S. So would you say to the extent the testimony was covered by Murillo, it was about flying mules are not normally used. That was okay. So it's only where you see in the testimony language going to organizational structure that you have an objection under Vallejo. Am I understanding you right? Almost. Argument two in my brief says that the Murillo type testimony is not okay in a case like this one where it's a relatively small amount of drugs and it's a simple case. But argument one. No, why is that, though? I mean, even Vallejo said that you couldn't have this evidence where the evidence is not probative of any issue. Wasn't the testimony in this case probative of the issue to rebut the defendant's testimony that he was a flying mule, an unknowing courier? Well, in argument two, what I'm arguing is that it's not probative, it's not properly probative in a case like this one where there's no evidence to suggest, not even a large amount of drugs to suggest that a big organization is involved. Now, in the Pineda-Torres case, this Court pointed out that Murillo was a case involving over a million dollars worth of drugs. And it drew a distinction. It drew a distinction between cases like that, it referred to them as complex cases, but it also would apply where there's a large amount of drugs because that in itself implies the organization, a large organization is involved. In a case like this one where there's not even that minimal hook to draw in the opinion based on how organizations operate. What's the dollar amount? It was like a couple hundred thousand dollars worth of drugs in this case, wasn't it? Where would you say that there's a line between the big organization and the small organization? Well, the Court hasn't drawn a dollar amount or a weight limit, but if you look at the cases on both sides of that line, the dollar amount here was supposed to be $154,000 to $183,000. Cases that we know are on the other side of the line would be Murillo, where it was over a million dollars worth of drugs. Cordoba and Campos. Cordoba had 300 kilos of cocaine, 300 kilos. It's 11.44 here. Campos involved 151 pounds of marijuana. Now, these are cases that the Court has referred back to as complex cases and cases where giving that opinion based on how large organizations operate is okay. Cases like Vallejo, 40 kilos of marijuana. McGowan, 45 and a half pounds of marijuana. Varela-Rivera, 23.1 pounds of cocaine plus a little bit of meth. Pineda-Torres, 42.7 pounds of marijuana. Somewhere between these smaller amounts and the larger amounts in Cordoba, Campos, and Murillo, that line, that's where that line exists. So are you saying that at least here where there was perhaps $180,000 worth of drugs, that you can't infer that there was a large drug organization or even an organization that was actually importing it? Is that the argument? Exactly. That's argument two. Now, the issue you're asking me about, am I basing my argument on that? I'm not basing argument one on that at all. We can put the whole issue of whether this is a simple small value case or a complex high value case aside in terms of argument one because argument one says, regardless of how that works, in a case like this one, the Vallejo line is very clear and it's a settled issue as opposed to an open issue, that that kind of structure and organization testimony, how these large organizations work, what the responsibilities of people who are players in large organizations look like, the functions of a driver that Agent Borenfeld went into great detail about, the difference in prices and comparing it to Costco and how drugs are transported by these large organizations all the way across the country, from Atlanta to Los Angeles to New York. Counsel, Judge Gould, if I could interject a question. Now, your basic objection to having evidence about couriers aren't unknowing. That's probably preserved by the motion in the limine that was made. But if the judge said I'm only letting something come in on the scope of Murillo and if you thought, if the defendant thought that the testimony actually coming in went beyond that, wouldn't he have to object to that? And if he didn't object, aren't we looking at that aspect of the case under plain error? No, Your Honor. The reason is that in the motion in limine briefing in the district court, the government explicitly said in its response to defendant's motion in limine, we are going to introduce evidence that has to do with organizations. If you look at the supplemental excerpts of record that I filed on page 35, on page 36, and on page 42, the government makes several references to the fact that they intend to get in evidence about how operations and organizations work. Right. I understand their argument. But what did the judge – I thought the judge was explicit that he was only going to let in testimony consistent with Murillo. True. But at the same time, he – despite the government having said in those motions that it was going to introduce operational organizational testimony, the judge still denied the motion in limine effectively adopting the premise that organization testimony could come in and still be okay under Murillo. That was the legal mistake the Court made. But having made that ruling, it was clear, it was established that kind of testimony would be permitted. I would like to reserve the balance of my time. May it please the Court. I'm Bob Miskell from the U.S. Attorney's Office in Tucson on behalf of the United States in this case. To follow up on that last point, the district court judge was very explicit about what testimony was going to be admitted at trial. And he said that the government would not go beyond the parameters of what the Murillo case allows unless somehow defense counsel opened the door. So to the extent the defendant is now arguing that the government did exceed the parameters of Murillo, any review for that has to be plain error because it was not preserved in the pre-trial motion. In any event, the evidence presented by the government in this case was unknowing courier testimony allowed by Murillo and not organizational testimony prohibited by Vallejo. In this case, the government testimony, the expert testimony, was going directly to what was at issue with this case, which is the problem that the Court has under the Vallejo line of cases with the organizational testimony. So in this case, the evidence was properly admitted. As far as the argument about whether this was a complex or noncomplex case, as a, again, as a practical matter, this case is not all that different from Murillo. Murillo was basically a traffic stop where they found drugs in the vehicle. This case is a checkpoint case where they found drugs in the vehicle. As a matter of proving knowledge, those cases are essentially indistinguishable. What about opposing counsel's point that where the amount of drugs, the value is 180,000, it's not relevant to bring in information about how drug organizations normally courier drugs? I guess I don't, the government's position is 11 kilograms of cocaine is a lot of drugs. $183,000 worth of drugs is a lot of drugs. We are not talking about a 40-pound marijuana case in this situation. It is a lot of drugs. The fact that you're talking about a courier at all, I mean, the defense's position was that the defendant was an unknowing courier. The government's position was that the defendant was a knowing courier. Both of those presuppose somebody else being involved in the operation. It's not, the defense wasn't, these are my drugs, I'm bringing them in. It was somebody else put them in there. The government's saying somebody else put them in there, and you knew about it. So, either approach is necessitating involvement of other individuals. And in that case, the unknowing courier testimony is permissible under MREO. There was testimony by the government's expert that discussed his experiences and did describe some of the large organizations. So, was, did that amount to a plain error in not striking that? No, that was not plain error because it was, number one, it was basically essentially background information to prove that the government's expert knew what he was talking about. He had to go into some extent his background and experience to explain how he has the knowledge, the requisite knowledge, to give the opinion that he gave about the use of unknowing couriers. So, by necessity, he has to give his background. And again, there was no objection, so any review was for plain error. And then if you look at it on a plain error standard, the government's bottom, the bottom line of the government's expert was not that, actually was not different from the bottom line of the defense expert. The government's bottom line, the government's expert bottom line was that drug traffickers do not use unknowing couriers as a, I think the phrase he used was standard operating procedure. The defense's expert was the use of unknowing couriers is rare. I think those two are basically identical. So, in that regard, there's no prejudice to the defendant. Unless the Court has any further questions. Thank you. Thank you. You have a few seconds left. Thank you, Your Honor. Somebody else putting the drugs in there was indeed the premise of both sides in this case. In the first trial, if you look at the government's closing, they said if it was El Manga, the midget, or some big organization, whoever it was, they couldn't have done, they wouldn't have done this. It would have been silly. That was okay. That's using the evidence, the actual evidence and permissible argument. In the second trial, they did what the line of cases of Vallejo says they cannot do. It was all based on what big organizations do. And that unfairly imputed knowledge, the sole issue in this case, under Vallejo and the line of cases, must be reversed. Thank you. Thank you. Thank you. Okay. The case of the United States v. Sepulveda, Baratheon.  Submitted. Yes.
judges: Mahan, Hall, Gould